IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL L. CALLEGARI,

        Plaintiff,                     No. CIV S-08-214 JAM KJM P

    vs.

COUNTY OF SAN JOAQUIN, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff alleges that San Joaquin County and the city of Stockton breached a contract with him, which restricted use of his 1990 robbery conviction to enhance subsequent sentences stemming only from other serious felonies. This breach occurred, he alleges, in 1996, when his prior robbery was used as a strike in sentencing him for a narcotics conviction.

        A court may deny leave to proceed in forma pauperis if it appears from the face of the proposed complaint that the action is frivolous. Minetti v. Port of Seattle, 152 F.3d 1113 (9th Cir. 1998). In determining whether an action is frivolous, the court may "pierce

1

the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

      Plaintiff's complaint is frivolous.   Between the time of petitioner's plea to robbery in 1990 and his narcotics conviction in 1996, California law changed to permit prior serious felonies to be used as strikes, qualifying a defendant for a term of twenty-five years to life for a felony conviction preceded by two convictions for qualifying felonies. See People v. Helms, 15 Cal.4th 608, 612 (1997).  In California, plea agreements are "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws." Davis v. Woodford, 446 F.3d 957, 962 (9th Cir. 2006), quoting People v. Gipson (In re Gipson), 117 Cal.App.4th 1065 (2004).

      Moreover, plaintiff's claim has no basis in fact.  It is true that plea agreements are evaluated under contract principles, as plaintiff suggests. See, e.g., United States v. Coleman, 208 F.3d 786, 791 (9th Cir. 2000).  However, the plea agreement does not consist of everything said during the plea colloquy; rather, a plea bargain is what the prosecution offers, perhaps a specific sentence or the dismissal of other charges, in exchange for certain concessions from a defendant. See Santobello v. New York, 404 U.S. 257, 262 (1971).  In the 1990 plea transcript attached to the complaint, the court outlined the plea agreement: "Mr. Callegari, my understanding is if you plead to Count 1, you're charged with robbery to the second degree, that I will sentence you to five years in state prison.  The DA will dismiss the priors that are charged.

2

1 The five years will run concurrently or along with the ten years you got in your other case."
2 When asked if anything else had been promised, plaintiff said, "Not that I know of." Complaint,
3 Ex. A at 2. Later, during the colloquy, the court informed plaintiff that the robbery could be
4 used to enhance future sentences for serious felonies. Id., Ex. A at 4. This statement was not
5 part of any plea bargain, and also undermines plaintiff's argument that there was an agreement to
6 the contrary.

7 Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as
8 frivolous.

9 These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
11 days after being served with these findings and recommendations, plaintiff may file written
12 objections with the court. The document should be captioned "Objections to Magistrate Judge's
13 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
14 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
15 F.2d 1153 (9th Cir. 1991).
16 DATED: June 3, 2008.

_____
U.S. MAGISTRATE JUDGE

2
call0214.56